**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 21-95-DLB**

**JAMES HAMILTON PROPERTIES, LLC**                                         **PLAINTIFF**

**v.**                          **MEMORANDUM ORDER**

**GREAT MIDWEST INSURANCE CO., et al.**                               **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon Plaintiff James Hamilton Properties, LLC's Motion to Remand this case to Pike Circuit Court (Doc. # 8). The Motion has been fully briefed (Docs. # 10 and 11) and is ripe for review. For the reasons stated herein, Plaintiff's Motion to Remand (Doc. # 8) is **DENIED**.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

On October 27, 2021, Plaintiff James Hamilton Properties, LLC ("James Hamilton") filed suit against Defendants Great Midwest Insurance Company ("Great Midwest") and Complete Insurance, LLC ("Complete Insurance") in Pike Circuit Court alleging a number of claims related to an insurance claim made by James Hamilton. (Doc. # 1-1). Plaintiff secured an insurance policy from Great Midwest that allegedly covered property damage on Plaintiff's coal crushing and coal screening plants. (*Id.* ¶ 10). Plaintiff procured the policy by contracting with Defendant Complete Insurance, which is an insurance agency. (*Id.* ¶¶ 7, 54).

On October 30, 2019, a fire and/or act of vandalism occurred at Plaintiff's coal crushing and coal screening plant located in Pikeville, Kentucky. (*Id.* ¶ 9). Plaintiff alleges

1

that the policy it procured for property damage covers up to $275,000 "against various losses including fire, vandalism and other losses to the property/equipment described above." (*Id.* ¶ 11). Defendant Great Midwest allegedly breached this policy by failing to pay for all of the property damage incurred at the coal crushing and screening plant. (*Id.* ¶ 10). According to Plaintiff, Great Midwest offered $14,250 to cover the damages, instead of the complete appraisal value of $268,000. (*Id.* ¶¶ 20-21). Plaintiff asserts that Great Midwest is arguing that only two pieces of Plaintiff's equipment were covered by Plaintiff's insurance policy, while the other damaged property was excluded from coverage. (Doc. # 8-1 at 2). Great Midwest instead argues that it is simply disputing the value of Plaintiff's claim. (Doc. # 10 at 1-2).

The only claim alleged against Complete Insurance is that it breached its contract with Plaintiff by not "provid[ing] adequate insurance coverage . . . for all Plaintiff's coal crushing and coal screening plants and equipment thereby leaving Plaintiff not properly insured as to the events/claims stated herein." (*Id.* ¶ 53).

## II.   ANALYSIS

### A.   Standard of Review

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are to be narrowly construed, as they were "adopted in order to restrict rather than expand the scope of removal from the state courts." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002). Accordingly, "all doubts as to the propriety of removal are

resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Here, removing Defendants argue that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Doc. # 1 at 5).

### B. Diversity Jurisdiction and Fraudulent Joinder

Section 1332 confers on district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, [] and is between citizens of different states." Section 1332 requires *complete* diversity between a plaintiff and all defendants.[1] *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). In other words, "[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).

Here, Plaintiff is a "resident" of Kentucky. (Doc. # 1-1 ¶ 1). Defendant Complete Insurance is a Kentucky LLC, with its principal place of business in Pikeville, Kentucky, also resides in Kentucky for diversity purposes. (Docs. # 1-1 ¶ 3 and 10-2). Defendant Great Midwest is a Texas corporation, and therefore considered a resident of Texas for diversity purposes. (*Id.* ¶ 2). Based on the complete diversity rule, if Defendant Complete Insurance is a proper party to this action, then Plaintiff's Motion to Remand must be granted.

While Plaintiff argues that Complete Insurance is a proper party (Doc. # 8-1 at 3-9), Great Midwest argues that Complete Insurance has been fraudulently joined in order

---

[1] Plaintiff acknowledges in its Motion to Remand that the amount in controversy exceeds the jurisdictional requirements for diversity jurisdiction. (Doc. # 8-1 at 3). Therefore, the only remaining issue is whether the complete diversity requirement is met.

3

to defeat complete diversity.  (Doc. # 10 at 5-23).  "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Coyne*, 183 F.3d at 493.  The removing party has the burden of presenting "sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Id.*  The relevant question "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."  *Alexander v. Electr. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).  This test has been characterized as "more lenient than [] the analysis applicable to a Rule 12(b)(6) motion to dismiss."  *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 952-54 (6th Cir. 2011)).

Based on the record available to the Court, it finds that Plaintiff is currently unable to establish a cause of action against Complete Insurance.  In its Complaint, Plaintiff asserts a single cause of action against Complete Insurance—breach of contract.  (Doc. # 1-1 ¶¶ 53-55).  Specifically, Plaintiff alleges that Complete Insurance breached its contract to secure an insurance policy that provided adequate coverage of Plaintiff's assets.  (*Id.*).  Defendant Great Midwest argues that Plaintiff's claim against Complete Insurance "for the alleged failure to procure insurance for all equipment . . . is not viable" because Complete Insurance did obtain coverage for the equipment under the Policy.  (Doc. # 10 at 1-2).  Alternatively, Great Midwest argues that the claim against Complete Insurance is not ripe because the existence of Plaintiff's claim against Complete

4

Insurance "is contingent upon the outcome of the claim against [Great Midwest]." (*Id.* at 2).[2]

### C. Ripeness of Plaintiff's Claim Against Complete Insurance

The central issue in this case is whether Plaintiff can assert a valid claim against Complete Insurance for breach of contract. Before determining whether Complete Insurance was fraudulently joined, this Court must deal with the jurisdictional threshold issue of standing. Article III of the United States Constitution requires the doctrine of ripeness to be met in order for a court to exercise jurisdiction. 16 Am. Jur. 2d Constituional Law § 140 (2022). In essence, federal courts may only "adjudge the legal rights of litigants in actual controversies." *Id.* The so-called ripeness doctrine "ensure[s] that courts decide only existing, substantial controversies, not hypothetical questions or possibilities." *In re Cassim*, 594 F.3d 432, 437 (6th Cir. 2010) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 399 (6th Cir. 2001)). A claim is not considered "ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2009). Thus, this Court will be unable to

---

[2] Each of the parties rely on several exhibits to support their arguments. (*See generally* Docs. # 8-3, 8-4, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, 10-7, 10-8, 11-1, 11-2, 11-3, 11-4, 11-5, and 11-6). "As appropriate," the Sixth Circuit has allowed courts to "'pierce the pleading' and consider summary judgment evidence" and "look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the [plaintiff's] claim.'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (quoting *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952-56 (6th Cir. 2011)). However, if the district court choses to "'pierce[] the pleadings' to consider summary-judgment-type evidence . . . the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably more deferential." *Walker*, 443 F. App'x at 954.

exercise jurisdiction over Plaintiff's claim against Complete Insurance if it is not yet ripe. If this Court is unable to exercise jurisdiction over that claim, Complete Insurance must be dismissed as a party, leaving only Plaintiff and Great Midwest as parties to the action. In that situation, Section 1332's requirement of complete diversity would be met and Plaintiff's Motion to Remand would consequently be denied.

In Kentucky, insurance agents may be held liable for failure "to provide the requested coverage, which result[s] in the uninsured loss." *Grisby v. Mountain Valley Ins. Agency, Inc.*, 795 S.W.2d 372, 375 (Ky. 1990). As a "general rule," an insurance agent "'who has wrongfully failed to provide insurance coverage according to his agreement is, in case of loss, liable to the insured for the amount which the insured would have received from the insurer had the coverage been placed.'" *J.P. Morgan Chase Bank, N.A. v. Acordia, Inc.*, No. 04-143, 2006 WL 8445400, at *2 (E.D. Ky. Oct. 4, 2006) (quoting *Conestoga Chem. Corp. v. F.H. Simonton, Inc.*, 269 A.2d 237, 239 (Del. 1970)). This necessarily means that to assert a cause of action against an insurance agent, like Complete Insurance, there must be an actual loss under the procured policy. *See Great Am. Ins. Cos. v. Potter*, No. 4:04-CV-112, 2008 WL 11452487, at *3 (E.D. Tenn. Feb. 12, 2008) (holding that a third-party claim against an insurance agent for failing to obtain requested insurance coverage "becomes an issue only if the Court determines that" the insurer "has no duty to defend or indemnify [the parties]"). This is illustrated by a number of Kentucky cases where the insurance carrier is sued first, followed by a suit against the insurance agent, if the agent failed to procure proper coverage. *See Plaza Bottle Shop, Inc. v. Al Torstrick Ins. Agency, Inc.*, 712 S.W.2d 349, 349-50 (Ky. Ct. App. 1986); *W. Ky.*

6

*Mach. Shop, Inc. v. Valiant Ins. Co.*, No. 2004-CA-679, 2005 WL 1415548, at *1 (Ky. Ct. App. 2005).

Here, Plaintiff brought three claims against Great Midwest: (1) breach of contract, (2) violation of Kentucky's Unfair Claims Settlement Practices Act, and (3) bad faith. (Doc. # 1-1 ¶¶ 8-52). Plaintiff's prayer for relief requests the Court to assess damages which include the "[c]ost to repair or replace, or the fair market value of the entire Coal Crushing and Coal Screening Plant/Facility including all its components" and "[p]hysical property damage to Plaintiff's Coal Crushing & Screening Plant/Facility." (*Id.* at 10). If Plaintiff's breach of contract claim against Great Midwest succeeds, Plaintiff would receive the cost to repair the 2019 fire damage done to its' coal crushing and screening plant. In that situation, Plaintiff will have no cause of action against Complete Insurance because Complete Insurance would have secured the coverage Plaintiff alleges it requested. Therefore, Plaintiff's claim against Complete Insurance is necessarily "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all." *Texas*, 523 U.S. at 300. Given this Court's finding, Plaintiff's claim against Complete Insurance is not ripe, and thus, its Motion to Remand (Doc. # 8) must be **DENIED**.

### III.    CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)    Plaintiff's Motion to Remand (Doc. # 8) is **DENIED**;

(2)    Plaintiff's breach of contract claim against Defendant Complete Insurance is **dismissed without prejudice** due to lack of ripeness; and

(3)   As set out in this Court's February 22, 2022 Order (Doc. # 14), Plaintiff has twenty-one (21) days from the entry of this Order respond to Defendant's Motion for Appointment of an Umpire (Doc. # 12).

This 28th day of April, 2022.



Signed By:
*David L. Bunning*   DB
United States District Judge

M:\DATA\ORDERS\PikeCivil\2021\21-95 Order on MTR.docx